**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4343**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

   v.

GURPREET SINGH BAJWA,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:20-cr-00060-LMB-1)

Submitted:  January 22, 2021                   Decided:  February 4, 2021

Before HARRIS and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Laura P. Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant. Katherine Elise Rumbaugh, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gurpreet Singh Bajwa pled guilty, pursuant to a written plea agreement, to distribution of Adderall and Oxycodone, and the district court sentenced him to 120 months in prison. On appeal, Bajwa's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying that no meritorious grounds exist for appeal but questioning the sufficiency of the Federal Rule of Criminal Procedure 11 hearing and asserting that the district court erred in permitting certain testimony at sentencing. The Government has moved to dismiss the appeal based on the appellate waiver in Bajwa's plea agreement. Bajwa has received notice of the right to file a pro se supplemental brief, but he has not done so. However, through counsel, Bajwa has filed a response to the motion to dismiss, asking the court to conduct an *Anders* review.

We conclude that Bajwa's appeal waiver is valid because he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Bajwa does not argue otherwise, and he has therefore waived the right to appeal his conviction and any sentence within the statutory maximum. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to Bajwa's sentence. As to Bajwa's challenge to his convictions, we deny the motion.

Despite the appeal waiver, Bajwa can still appeal issues unwaivable by law. Such issues include claims that a sentence exceeded the statutory maximum or relied on a constitutionally impermissible factor such as race or claims of ineffective assistance of counsel. *See United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013). In addition, although the waiver bars an appeal of his sentence as discussed above, Bajwa's appellate

2

waiver does not foreclose his challenge to the voluntariness of his plea. *See United States v. Attar*, 38 F.3d 727, 733 n.2. Because Bajwa did not move to withdraw his plea, we review his Rule 11 hearing for plain error. *Henderson v. United States*, 568 U.S. 266, 272 (2013); *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). In the guilty plea context, a defendant demonstrates that an error affected his substantial rights by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted).

Bajwa asserts that his Rule 11 hearing contained three omissions. First, he contends that the district court did not advise him of the possibility of restitution. However, given that there was no restitution ordered because the Government did not request it, Bajwa cannot credibly argue that, had he been advised of the possibility, he would not have pled guilty. Next, Bajwa asserts that, although he was informed as to his right to appointed counsel at trial should he not be able to afford any attorney, he was not advised that he had a right to an attorney at all stages of the criminal process. However, Bajwa had retained counsel in district court throughout the proceedings. As such, the right to have counsel appointed was not an issue relevant to his decision to plead guilty, and he does not argue otherwise. Finally, he asserts that he was not advised of the possible consequences for non-U.S. citizens. However, Bajwa is a U.S. citizen, so this advice would have been irrelevant. Accordingly, we find that the district court's substantial compliance with Rule 11 did not affect Bajwa's substantial rights and that there is no indication that Bajwa would

3

not have pled guilty had the district court's plea colloquy been more exacting. *See Massenburg*, 564 F.3d at 343. As such, we affirm Bajwa's convictions.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. This court requires that counsel inform Bajwa, in writing, of the right to petition the Supreme Court of the United States for further review. If Bajwa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bajwa. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*